Steve J. STOCKWELL, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 08–35704.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2009.*

Filed Sept. 3, 2009.

R.App. P. 34(a)(2).

Eitan Kassel Yanich, Olympia, WA, for Plaintiff–Appellant.

Brian Kipnis, Assistant U.S., Office of the U.S. Attorney, Richard Michael Rodriguez, Esquire, Assistant Regional Counsel, Kathryn Ann Miller, Assistant Regional Counsel, Office of the General Counsel Social Security Administration, Seattle, WA, for Defendant–Appellee.

Before: HAWKINS, MCKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Steven Stockwell ("Appellant") appeals the district court's order affirming the Commissioner of Social Security's final decision that Appellant was not disabled under Title 2 of the Social Security Act. Appellant makes several challenges to the Administrative Law Judge's ("ALJ") determination that he was not disabled. We address each in turn.

■ First, Appellant asserts that the ALJ erred in finding his testimony not entirely credible as to his incapacity to work. Because the evidence demonstrates that Appellant's treatment was generally successful in controlling his pain, that Appellant's testimony as to his limitations was inconsistent with his daily activities, and that Appellant's testimony as to his abilities to lift, sit, stand, and walk was inconsistent with his assertion he could not work, the ALJ's determination was sufficiently supported by the record and free from legal error. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038–40 (9th Cir.2008).

■ Second, Appellant argues that the ALJ erred in evaluating the medical evidence, specifically, the September 20, 2006 opinion by Appellant's physician concluding that Appellant could not work in any available vocation as well as a physical therapist's report that Appellant would need to shift positions "at will." Because the ALJ gave clear and convincing reasons for rejecting as inconsistent the opinion of the physician, who had previously indicated that Appellant could engage in light work and had managed his pain, we reject

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appellant's argument that there was not substantial evidence to support the ALJ's interpretation of the medical evidence. *See Thomas v. Barnhart,* 278 F.3d 947, 956–57 (9th Cir.2002) (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989)). In addition, even if it were error for the ALJ not to include the "at will" limitation of Appellant's ability, it was harmless error and would not have changed the ALJ's overall determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir.2008).

Appellant asserts that because the ALJ erred in evaluating his testimony and the evidence from his physician and physical therapist, the ALJ's determination of his residual functional capacity, Appellant's ability to perform past relevant work, and his ability to perform other jobs in the national market were also improper. However, the ALJ properly made these determinations after taking into account those limitations of Appellant for which there was credible record support. *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005).

Accordingly, we **AFFIRM** the judgment.